IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHARLIE HENRY CASTILLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-076 |
| | ) | |
| SGT. MILLS; MAJOR VIRGINIA DURDEN; | ) | |
| SGT. HANNAH; SGT. DANFORD; | ) | |
| SGT. BROOKINGS; OFFICER BENNETT; | ) | |
| SGT. JOHN HILL; SGT. B. READ; | ) | |
| OFFICER FNU BELL; FNU DANFORD; | ) | |
| FNU PATTERSON; FNU KURTZ; | ) | |
| COLONEL HUBERT; SHERIFF | ) | |
| CHARLES HUTCHINS; | ) | |
| DAY SHIFT FOOD LADY; LT. JOSH; | ) | |
| CPL. KELLY GARRER; | ) | |
| BWM, Road Officer; | ) | |
| BTS, Road Officer; and NURSE MONICA, | ) | |
| Individually and in their Official Capacities, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate incarcerated at Yazoo City, Mississippi, is proceeding *pro se* and *in forma pauperis* in this civil rights case. Presently before the Court are Plaintiff's motions to appoint counsel, for an extension of time to pay the filing fee, and to make his case public. (Doc. nos. 3, 11, 12.) For the reasons stated below, the Court **DENIES** Plaintiff's motions.

As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216; see

also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and where such appointment would alleviate security concerns and sharpen issues).

Here, Plaintiff fails to show exceptional circumstances exist to justify appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Although Plaintiff argues he is entitled to counsel because his case is complex, he has limited resources, and he is limited by lockdowns and transfers, Plaintiff has not shown his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Indeed, Plaintiff has been able to communicate with the Court and present the merits of his case. Therefore, the Court **DENIES** Plaintiff's motion for appointment of counsel. (Doc. no. 3.)

On August 9, 2016, the Court directed Plaintiff to pay an initial partial filing fee of $11.63 within thirty days of the date of the Order and advised him that all prisoners, even those proceeding *in forma pauperis*, must pay the filing fee of $350.00 in full. See 28 U.S.C. § 1915(b)(1). The time for responding to the Court's August 9th Order has now expired, yet Plaintiff has failed to pay the assessed initial partial filing fee as required by the relevant provisions of the United States Code.

Under the Prison Litigation Reform Act ("PLRA"), prisoners granted *in forma pauperis* status must, when funds are available, prepay at least a partial filing fee. 28 U.S.C. § 1915(b)(1)-(2). Courts may not except indigent prisoners from prepaying this partial filing

fee. See id.; see also Rivera v. Allin, 144 F.3d 719, 722 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); Martin v. United States, 96 F.3d 853, 856 (7th Cir. 1996) (insisting, whenever feasible, on payment in advance of initial filing fee in every civil action covered by the PLRA). Thus, Plaintiff shall have fourteen days from the date of this Order to inform the Court of his intentions regarding this case by complying with the Court's Order directing payment of an initial filing fee of $11.63 or by showing the Court why he has not complied with the Order directing the payment. The Court **DIRECTS** the **CLERK** to immediately inform the Court of any payment of the initial filing fee which is received from Plaintiff. Accordingly, the Court **DENIES AS MOOT**, Plaintiff's motion for an extension of time to pay the filing fee. (Doc. no. 11.)

If Plaintiff notifies the Court that he has decided not to pursue his case and wishes to voluntarily dismiss his complaint at this time, then the case will not count as a "strike" which may later subject Plaintiff to the three-strike dismissal rule under 28 U.S.C. § 1915(g).

Finally, because Plaintiff's case and filings are reviewable by the public, the Court **DENIES** Plaintiff's motion to make his case public. (Doc. no. 12.)

SO ORDERED this 30th day of September, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3