IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHARLIE HENRY CASTILLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-076 |
| | ) | |
| SGT. MILLS; MAJOR VIRGINIA DURDEN; | ) | |
| SGT. HANNAH; SGT. DANFORD; | ) | |
| SGT. BROOKINGS; OFFICER BENNETT; | ) | |
| SGT. JOHN HILL; SGT. B. READ; | ) | |
| OFFICER FNU BELL; FNU DANFORD; | ) | |
| FNU PATTERSON; FNU KURTZ; | ) | |
| COLONEL HUBERT; SHERIFF | ) | |
| CHARLES HUTCHINS; | ) | |
| DAY SHIFT FOOD LADY; LT. JOSH; | ) | |
| CPL. KELLY GARRER; | ) | |
| BWM, Road Officer; | ) | |
| BTS, Road Officer; and NURSE MONICA, | ) | |
| Individually and in their Official Capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at the United States Penitentiary in Yazoo City Mississippi, brought the above-captioned case pursuant to 42 U.S.C. § 1983. On July 28, 2016, Plaintiff filed an amended complaint. (Doc. no. 7.) Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). After a review of Plaintiff's amended complaint

and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice.

I.   **BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. Under the questions concerning whether a

2

prisoner plaintiff has brought any lawsuits dealing with the same facts or facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 1-2.)

## II. DISCUSSION

Here, under penalty of perjury, Plaintiff identified one other previous case he filed, Castillo v. United States, CV 115-134, (S.D. Ga. Aug. 24, 2015). However, the Court is aware of another undisclosed § 1983 case Plaintiff has filed in federal court. See Castillo v. Taylor, CV 116-077, doc. no. 1. (S.D. Ga. June 6, 2016) ("CV 116-077"). This case was filed simultaneously as the present action and was obviously known to Plaintiff at the time he filed his original complaint. Plaintiff had an opportunity to correct this dishonesty by disclosing CV 116-077 when he filed his amended complaint several weeks later, yet again failed to do so. (See doc. no. 7.) Thus, Plaintiff has provided false information about his prior filing history in his complaint.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted); see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to

3

accurately disclose previous litigation); Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir. 2010) (finding district court did not err in finding abuse of judicial process when plaintiff should have listed two other federal cases filed within month of filing complaint at issue); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*). Because Plaintiff provided blatantly dishonest answers in his amended complaint, this case should be dismissed.

### III. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his prior filing history, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice as a sanction.

SO REPORTED and RECOMMENDED this 30th day of November, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA